■    In the Matter of Clara Wallace, as Administratrix of the Estate of Morton Wallace, Deceased, Respondent, v. Motor Vehicle Accident Indemnification Corporation, Appellant.— Staley, Jr., J. Appeal from an order of the Supreme Court at Special Term, entered June 26, 1968 in Warren County, which granted respondent's application for permission to commence an action against the appellant, Motor Vehicle Accident Indemnification Corporation. Morton Wallace was killed when he was a pedestrian on a highway near Pottersville, New York, on November 18, 1966 as the result of a hit and run accident. Limited letters of administration were issued to his mother, Clara Wallace, the respondent herein, on November 30, 1966 by the Surrogate of Warren County. A notice of intention to make claim was served upon MVAIC on or about December 10, 1966, and also on or about December 27, 1966 upon the State-Wide Insurance Company (hereinafter referred to as State-Wide). After negotiation with this company, a demand for arbitration was served. On July 27, 1966 State-Wide obtained an order staying arbitration pending a determination by jury trial of the question of whether the deceased was a resident of the same household as their insured, Frederick Wallace, a brother of the deceased,

and, therefore, an insured person under the uninsured motorist provision of his brother's policy with State-Wide. After a trial, the jury rendered a verdict on February 22, 1968 in favor of State-Wide. On April 19, 1968 the respondent obtained an order directing MVAIC to show cause why she should not be permitted to bring suit against MVAIC on behalf of the estate of Morton Wallace. On June 21, 1968 Special Term, Warren County, granted leave to respondent to commence the action. The appellant MVAIC contends that the deceased was an insured under the terms of his brother's policy with State-Wide, and that the determination of the jury is not binding upon it, and for that reason a hearing should have been ordered by the court on the issue of whether the decedent was a "qualified person" under article 17-A of the Insurance Law, or an "insured person" under his brother's policy before an order could be made granting permission to bring an action against MVAIC. The appellant also contends that the respondent, having averred in the claim against State-Wide that the deceased was an insured under its policy, she has made an election of remedies, and, since the terms "qualified person" and "insured person" are exclusive, she is now precluded from proceeding against MVAIC. Section 618 of the Insurance Law authorizes the Supreme Court to summarily grant an order permitting an action to be brought against MVAIC when, upon the hearing of the application the court is, among other things, satisfied that the applicant is a "qualified person", and that the application is not made in lieu of making a claim under an existing policy of insurance. (*Matwijko* v. *Zoladz Lbr.*, 16 A D 2d 1024.) Subdivision b of section 601, insofar as it is pertinent here, defines a "qualified person" as "(1) a resident of this state, other than an insured * * * or his legal representative". There is no dispute that the respondent is the legal representative of a deceased resident of this State, and that the deceased was a pedestrian at the time of the accident. It was, therefore, only necessary to satisfy the court that the decedent was not an insured person under the terms of the policy of insurance issued by State-Wide to his brother. A determination having been made by the court that the decedent was not an insured under his brother's insurance policy, the requirement of the statute has been met, the court correctly determined that the applicant was a qualified person, and that the application was not made in lieu of making a claim under an existing policy of insurance. Since there is no requirement in the statute that MVAIC be made a party in any action or proceeding to establish a claim against an alleged insurer, the appellant was not a proper party to the proceedings against State-Wide. The only issue raised on the application by the appellant was that the decedent was an insured under the policy of insurance issued by State-Wide and, it clearly appearing from the moving papers on the application that this question had been determined in a prior fully contested proceeding, and was without collusion or default, the court could properly decide the issue to its satisfaction upon the affidavits alone without directing a hearing of the issue. It is only when an issue cannot be decided to the satisfaction of the court upon affidavits that a hearing need be ordered. (*Matter of Malitz* v. *MVAIC*, 17 A D 2d 108; *Matter of Woodard* v. *MVAIC*, 23 A D 2d 215.) Appellant's contention that the respondent in a proceeding against State-Wide made an election of remedies, is without merit. Section 618 of the Insurance Law contemplates that an applicant will proceed against any possible insurer prior to making an application to proceed against MVAIC; otherwise there would be no requirement in the statute that the applicant establish that the application was not made in lieu of making a claim under an exising policy of insurance. Order affirmed, with costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.